**EXHIBIT A**

**To**

**Defendant EAN Holdings, LLC's Notice of Removal**



# Service of Process Transmittal

11/24/2020
CT Log Number 538645053

| | |
|---|---|
| **TO:** | Paul Schulte<br>Enterprise Holdings, Inc.<br>600 Corporate Park Dr<br>Saint Louis, MO 63105-4211 |
| **RE:** | Process Served in Tennessee |
| **FOR:** | EAN Holdings, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Tim Wright vs. EAN Holdings, LLC d/b/a Enterprise Rent-a-car |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 32CH12020CV492 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/24/2020 postmarked: "Illegible" |
| **JURISDICTION SERVED :** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/24/2020, Expected Purge Date: 11/29/2020 |
| | Image SOP |
| | Email Notification,  Brian Braunstein  Brian.S.Braunstein@ehi.com |
| | Email Notification,  Paul Schulte  Paul.Schulte@ehi.com |
| | Email Notification,  Caroline Balch  caroline.j.balch@ehi.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Joseph B. Harvey
Esq.
Hunter
Smith & Davis LLP
P.O. Box 3740
KINGSPORT TN 37664

**CERTIFIED MAIL**

9402 7116 9900 0129 0938 84

**RETURN RECEIPT REQUESTED**

CT Corporation System,
300 Montvue Road
Knoxville TN 37919-5510

$13.82
US POSTAGE
PRIORITY MAIL
COMBASPRICE
FROM 37664
11/23/2020
stamps
endicia

| Hamblen County Chancery Court<br>511 West 2nd North St<br>Morristown, TN 37814<br>(423) 586-9112 | STATE OF TENNESSEE<br>CIVIL SUMMONS<br>page 1 of 1 | Case Number<br>32CH1-2020-CV-492 |
|---|---|---|
| | Tim Wright vs Ean Holdings LLC | |

Served On:

| Ean Holdings LLC | CT Corporate System, 300 Montvue Road, Knoxville, Tn 37919-5546 |
|---|---|

You are hereby summoned to defend a civil action filed against you in Hamblen County Chancery Court, Hamblen County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the required date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 11/19/2020

_Candace Jones_
Clerk / Deputy Clerk - Hamblen County Chancery Court

Attorney for Plaintiff: Joseph B Harvey
1212 N Eastman Road, Kingsport, TN 37664

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA §26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to execute it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to    Kathy Jones-Terry, Hamblen County Chancery Court Clerk, Hamblen County
511 West 2nd North St. Morristown, TN 37814

### CERTIFICATION (IF APPLICABLE)

I, Kathy Jones-Terry, Hamblen County Chancery Court Clerk of Hamblen County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____     _____
Clerk / Deputy Clerk – Hamblen County Chancery Court

OFFICER'S RETURN: Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows:

Date: _____     By: _____
Please Print: Officer, Title

Agency Address     Signature

RETURN ON SERVICE OF SUMMONS BY MAIL: I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

Notary Public / Deputy Clerk (Comm. Expires_____)

Signature of Plaintiff    Plaintiff's Attorney (or Person Authorized to Serve Process)

(Attach return receipt on back)

ADA: *If you need assistance or accommodations because of a disability, please call Teresa West, ADA Coordinator, at (423) 586-5640*

*Rev. 8/05/10*

TIM WRIGHT, )
)
    *Plaintiff,* )
)
vs. ) Case No. 2020-CV-492
)
EAN HOLDINGS, LLC d/b/a )
ENTERPRISE RENT-A-CAR, )
)
    *Defendant.* )

FILED
CHANCERY COURT CLERK

NOV 1 9 2020

TIME 1:05P
HAMBLEN COUNTY

### PLAINTIFF'S COMPLAINT

Plaintiff Tim Wright, files this Complaint against Defendant EAN Holdings, LLC d/b/a Enterprise Rent-A-Car seeking equitable relief, as well as monetary damages, including compensatory and punitive damages, costs, and attorneys' fees. For his Complaint, Plaintiff states as follows:

### I. Nature of the Action

1. This is a civil action seeking redress due to Defendant EAN Holdings, LLC d/b/a Enterprise Rent-A-Car's, violation of Plaintiff Tim Wright's rights guaranteed under the Tennessee Human Rights Act, TENN. CODE ANN. § 4-21-101, *et seq.*, the Tennessee Disability Act, TENN. CODE ANN. § 8-50-103, *et seq.*, and, alternatively, the Tennessee Public Protection Act, TENN. CODE ANN. § 50-1-304. Plaintiff seeks to recover lost wages, lost benefits, compensatory and punitive damages, costs, interest, and attorneys' fees due the Plaintiff as a result of Defendant's unlawful harassment, and discriminatory and retaliatory termination of Plaintiff's employment. Plaintiff was unlawfully harassed and abruptly discharged for pretextual reasons on December 17, 2019 because of his age, disability, and in retaliation for opposing unlawful harassment and discrimination and his refusal to remain silent about illegal activities.

1

## II. Parties

1. Plaintiff Tim Wright ("Mr. Wright" or "Plaintiff") is an individual and resident of Greene County, Tennessee. Mr. Wright is 52 years old and has impaired vision in his right eye.

2. Mr. Wright was an employee of Defendant EAN Holdings, LLC d/b/a Enterprise Rent-A-Car ("Defendant" or "Enterprise").

3. Enterprise is a Delaware limited liability company with its principal place of business located at 600 Corporate Park Drive, St. Louis, Missouri, 63105-4204.

4. Enterprise is a rental car company. Enterprise operates branches located in Morristown, Sevierville, and Sullivan County, among numerous other locations.

5. Enterprise may be served with process in this matter through CT Corporation System, 300 Montvue Road, Knoxville, Tennessee, 37919-5546, which is the registered agent for service of process in the State of Tennessee for Enterprise according to reports Enterprise filed with the Tennessee Secretary of State.

## III. Jurisdiction and Venue

6. Enterprise currently operates a facility located at 4871 West Andrew Johnson Highway, Morristown, Tennessee 37814 (hereinafter Enterprise's "Morristown Branch"). Enterprise's Morristown Branch is located in Hamblen County.

7. This Court has jurisdiction over this matter under TENN. CODE ANN. § 4-21-311.

8. Venue is proper in this Court under TENN. CODE ANN. § 20-4-104, because a substantial part of the events giving rise to Plaintiff's causes of action occurred at Enterprise's Morristown Branch in Hamblen County.

2

## IV. Allegations of Fact

### A. Mr. Wright's Employment With Enterprise

9. Mr. Wright's employment with Enterprise began in February 2018. Enterprise hired Mr. Wright after he completed college in December 2017. Mr. Wright was 50 years old at the time he was hired by Enterprise.

10. Enterprise hired Mr. Wright as a Manager Trainee. Mr. Wright was assigned to Enterprises' Morristown Branch. The Assistant Manager in charge of the Morristown Branch when Mr. Wright began working there was Alex VanCleave, age 25, and the Manager Assistant was Kevin McDonald, age 24.

11. The Manager Trainee position at Enterprise was designed with the expectation that individuals hired for that position would receive a prescribed course of management training beginning on day one of employment. The purpose of the management training was to enable the Manager Trainee to be promoted into management positions after completing the training and working for the company for a period of time.

12. Although Mr. Wright was hired as a Manager Trainee, Mr. Wright was not given any management responsibilities during the 22 months he worked at the Morristown Branch.

13. After a few months of employment, Mr. Wright discovered that he was not receiving the management training that he was supposed to receive as a Manager Trainee. Rather than receiving management training, Mr. Wright was used as a driver for the first six weeks of employment. Mr. Wright was forced into driving and cleaning cars while younger employees were given the opportunity to complete their management training.

14. Mr. Wright was also denied promotion opportunities and was discouraged from applying for management positions for pretextual reasons, such as living too far from the location.

3

15. Mr. Wright applied for the Assistant Manager position in Morristown, but was not selected. The promotion went to Clay Powers, who was in his 20's.

16. Mr. Wright also applied for Enterprise's "Best Person Program." He was one of two candidates and had higher ratings in all objective performance criteria. During the interview for the program, the interviewer asked Mr. Wright: "at your age, what could you possibly be expecting to do for Enterprise?" The position was awarded to the only other candidate who was in her 20's and who did not meet the stated minimum requirements.

17. Mr. Wright was interested in the Assistant Manager position at the downtown Knoxville location when that position became available. The promotion was given to a person known as "Freshy" who was in his 20's.

18. Mr. Wright was also interested in the Assistant Manager position at Enterprise's location in Sevierville, Tennessee (the "Sevierville Branch"). The position was awarded to Jody Crisp, who was in his 20's. After Mr. Crisp left the position after only a few months, Mr. Wright was told not to apply for the position because he lived more than 40 miles away and would not be eligible for the promotion.

19. During his employment with Enterprise, Mr. Wright was told that he should not apply for jobs at multiple locations such as Knoxville Airport, Johnson City, Sevierville, Clinton and Halls, because he lived too far away from these locations.

### B. Defendant's Harassment of Mr. Wright

20. During his employment with Enterprise, Mr. Wright was subject to pervasive and egregious harassment based on his age and his limited sight/vision.

21. Mr. Wright's younger co-workers and managers called him an "old blind bastard," an "old bastard," an "old slow m----- f-----," and "old handicap m-------- f-----," among other comments

4

directed at him because of his age and vision. Area Manager David Ellis said to Mr. Wright "as old as you are" your first concert "must have been Hank, Sr."

22. Mr. Wright was hit in the head with a football and tackled to the floor from behind by younger employees.

23. Mr. Wright's desk was taken away from him, given to a younger employee, and he was moved to an undesirable desk located near the public restroom.

24. Mr. Wright was denied lunch breaks that younger employees were regularly permitted to take.

25. A younger Enterprise employee took Mr. Wright's glasses, put them on while he danced around the office in a mocking manner, playing keep away with the glasses. While wearing Mr. Wright's glasses, the employee said to Mr. Wright: "damn, you are a blind m------- f-----."

26. Mr. Wright asked the individuals who were harassing him to stop, but they did not.

27. Eventually, Mr. Wright reported the age- and disability- related harassment to a Regional Manager. The Regional Manager said that Mr. Wright just needed to learn to get along with young people and said "I'm sure you're not use them [younger people] being your boss."

28. After Mr. Wright complained about the harassment, someone placed voluntary resignation paperwork on his desk even though he had never indicated that he intended to resign.

29. Then Enterprise transferred Mr. Wright to the Sevierville Branch even though he lived in Greeneville, Tennessee, many miles away. Jacob Ashe was the Manager of the Sevierville Branch. Jacob Ashe was in his 20's.

30. After David Ellis hired Jacob Ashe as the manager of the Sevierville Branch, Mr. Ashe regularly made snide and insulting remarks about Mr. Wright's age. Mr. Ashe favored younger employees and forced Mr. Wright to wash cars and work as a driver rather than completing the

5

management training and duties he had initially been hired for. Mr. Ashe also held social functions with younger employees and excluded Mr. Wright from work-related social events.

31. Mr. Ashe routinely gave Mr. Wright the last scheduled lunch break of the day. But when the time for Mr. Wright's break arrived, Mr. Ashe would tell Mr. Wright "we ran out of time for you lunch" and send Mr. Wright home at the 11th hour of the day.

32. Enterprise's harassment of Mr. Wright was both objectively and subjectively hostile, offensive, severe, and pervasive. The harassment adversely affected Mr. Wright's ability to perform his job duties and adversely impacted his health.

### C. Mr. Wright Reports Harassment and Other Unlawful Activity

33. Mr. Wright reported the harassment he was subjected to, but Enterprise management dismissed his reports and allowed the harassment to continue.

34. In November 2019, Mr. Wright filed a complaint with Human Resources to report that in his 20 months with Enterprise, he had been denied over 100 legally-required meal breaks. In response to his report, Enterprise acknowledged that Mr. Wright had missed "only" 70 meal breaks.

35. Mr. Wright also reported age and disability discrimination based on the fact that he was forced to do things that younger employees were not asked to do. Mr. Wright complained that his managers were treating him differently because of his age. Human resources requested a follow-up meeting with Mr. Wright the first week of December.

36. After Mr. Wright made his complaint in November 2019, he was used as a driver for the next several days. Mr. Wright did not know it at the time, but those would be his last few days as an employee of Enterprise.

37. Mr. Wright's managers were tired of the "old blind bastard" who reported their harassment and the unlawful denial of meal breaks, so they decided to manufacture a reason to fire him.

6

### D. Defendant's Wrongful Termination of Mr. Wright's Employment

38. On or about December 17, 2019, around lunch time, Mr. Wright approached Branch Manager Jacob Ashe to request reimbursement for company expense that Mr. Wright had used personal funds to purchase. Mr. Wright presented the receipt to Mr. Ashe.

39. Mr. Ashe declined to accept the receipt and told Mr. Wright to put the receipt back in his car. Rather than going through the reimbursement process, Mr. Ashe gave Mr. Wright the branch's fuel card and instructed Mr. Wright to use it to put gas in his personal vehicle for the amount of the receipt.

40. Using the branch's fuel card to put gas in an employee's personal vehicle as a means to obtain reimbursement was a common practice.

41. On multiple occasions prior to December 17, 2019, Branch Manager Jacob Ashe had instructed employees to use the branch's fuel card to purchase fuel for their personal vehicle as a means of reimbursement rather than obtaining reimbursement through the T&E process.

42. Other drivers at the Sevierville Branch had used the branch's fuel card to put gas in their personal vehicle on previous occasions for purposes of obtaining reimbursement.

43. Given the common practice of using the branch's fuel card to obtain reimbursement, Mr. Wright did not question or have any suspicions about Mr. Ashe's instructions. Mr. Wright did what Mr. Ashe instructed him to do.

44. When Mr. Wright returned to the branch less than an hour later, Area Manager David Ellis immediately called Mr. Wright into the back office. No one else was present in the office with Mr. Wright and Mr. Ellis.

45. While in the office, Mr. Ellis told Mr. Wright that he (Mr. Ellis) had been to the gas station and reviewed surveillance video showing Mr. Wright using the company's fuel card to put gas in his personal vehicle.

46. Mr. Ellis said that he could have Mr. Wright criminally prosecuted for theft.

47. Mr. Ellis terminated Mr. Wright's employment and demanded that Mr. Wright immediately leave the premises.

48. Mr. Wright was stunned. He tried to explain to Mr. Ellis that Mr. Ashe had just given him the company's fuel card and instructed him to use it to put gas in his personal vehicle for reimbursement purposes. Mr. Ellis refused to listen and reiterated that Mr. Wright was fired and must leave the office immediately.

49. As a result of the harassment, discrimination, and retaliation he was subjected to, Mr. Wright has suffered significant damages, including lost wages, lost benefits, loss of opportunity, humiliation, embarrassment, pain and suffering and mental stress. Mr. Wright has lost wages and employment benefits and will continue to lose wages and benefits in the future.

50. Enterprise's age and disability discrimination, harassment, and retaliation described above was malicious, deliberate, and in reckless disregard of his protected rights. The harassment and discrimination, which Mr. Wright reported but was not corrected, culminated in Enterprise's discriminatory and retaliatory termination of Mr. Wright's employment.

51. Mr. Wright is entitled to awards of compensatory and punitive damages from Enterprise for its repeated violations of the Tennessee Human Rights Act, Tennessee Disability Act, and Tennessee Public Protection Act. He is entitled to an award of lost wages and employment benefits and to an award of front pay.

52. Mr. Wright has filed an administrative charge of discrimination with the Equal Employment Opportunity Commission to preserve his rights under federal law. Upon full completion of the administrative process, Mr. Wright will seek to amend his Complaint to add claims under federal law, which may not be asserted in this forum before the EEOC has completed its process and issued a Notice of Right to Sue.

## V. First Cause of Action

### Age Discrimination - Harassment – TENN. CODE ANN. § 4-21-101 *et seq.*

53. The allegations set forth in the foregoing Paragraphs are incorporated herein by reference.

54. Enterprise employees, including Mr. Wright's supervisors and managers, harassed Mr. Wright and treated him differently due to his age, as detailed above.

55. The harassment and disparate treatment by Enterprise employees were directed at Mr. Wright because of his age and often referred directly to his age and the fact that the harasser considered Mr. Wright to be "old." The harassment against Mr. Wright took the form of insulting statements and differential treatment compared to younger employees.

56. The harassment Mr. Wright suffered was objectively and subjectively offensive, included profane and vulgar age-related insults, and adversely affected Mr. Wright's ability to perform his job duties and his ability to advance within the Company.

57. Defendant's harassment of Mr. Wright was willful and malicious and in reckless disregard for Mr. Wright's protected rights.

58. Mr. Wright has suffered damages as a result of Defendant's conduct, including mental and emotional distress.

59. Mr. Wright is entitled to all of the remedies and relief set forth in the Tennessee Human Rights Act, TENN. CODE ANN. § 4-21-101, *et seq.*, including, without limitation, actual damages, special and general damages, punitive and exemplary damages, and attorneys' fees.

## VI. Second Cause of Action

### Disability Discrimination - Harassment – TENN. CODE ANN. § 8-50-103 *et seq.*

60. The allegations set forth in the foregoing Paragraphs are incorporated herein by reference.

9

61. Enterprise employees, including Mr. Wright's supervisors and managers, harassed Mr. Wright due to his disability or because they regarded him as disabled, as detailed above.

62. The harassment and disparate treatment by Enterprise employees were directed at Mr. Wright because of his disability, or because he was regarded as disabled, and often referred directly to his vision abilities. The harassment took the form of insulting statements and differential treatment compared to non-disabled employees.

63. The harassment Mr. Wright suffered was objectively and subjectively offensive, included profane and vulgar disability-related insults, and adversely affected Mr. Wright's ability to perform his job duties.

64. Defendant's harassment of Mr. Wright was willful and malicious and in reckless disregard for his protected rights.

65. Mr. Wright has suffered damages as a result of Defendant's conduct, including mental and emotional distress.

66. Mr. Wright is entitled to all of the remedies and relief set forth in the Tennessee Human Rights Act, TENN. CODE ANN. § 4-21-101, *et seq.*, including, without limitation, actual damages, special and general damages, punitive and exemplary damages, and attorneys' fees.

## VII. Third Cause of Action

### Age Discrimination – Termination – TENN. CODE ANN. § 4-21-101 *et seq.*

67. The allegations of fact set forth in the foregoing paragraphs are incorporated herein by reference.

68. Enterprise terminated Mr. Wright's employment on December 17, 2019.

69. But for Mr. Wright's age, Enterprise would not have terminated Mr. Wright's employment.

70. Enterprise's purported reason for terminating Mr. Wright's employment was manufactured and a pretext for unlawful discrimination.

71. Multiple other employees had used the company's fuel card to put gas in their personal vehicle for purposes of obtaining reimbursement but Enterprise did not terminate those employees for that reason.

72. Mr. Wright is entitled to all of the remedies and relief set forth in the Tennessee Human Rights Act, TENN. CODE ANN. § 4-21-101, *et seq.*, including, without limitation, actual damages, special and general damages, punitive and exemplary damages, and attorneys' fees.

## VIII. Fourth Cause of Action

### Disability Discrimination - Termination – TENN. CODE ANN. § 4-21-101 *et seq.*

73. The allegations set forth in the foregoing paragraphs are incorporated herein by reference.

74. But for Mr. Wright's disability, or being regarded as disabled, Enterprise would not have terminated Mr. Wright's employment.

75. Enterprise's purported reason for terminating Mr. Wright's employment was manufactured and a pretext for unlawful discrimination.

76. Multiple other employees had used the company's fuel card to put gas in their personal vehicle for purposes of obtaining reimbursement but Enterprise did not terminate those employees for that reason.

77. Mr. Wright is entitled to all of the remedies and relief set forth in the Tennessee Human Rights Act, TENN. CODE ANN. § 4-21-101, *et seq.*, including, without limitation, actual damages, special and general damages, punitive and exemplary damages, and attorneys' fees.

## IX. Fifth Cause of Action

### Retaliatory Discharge – Tennessee Human Rights Act – TENN. CODE ANN. § 50-1-304

78. The allegations set forth in the foregoing paragraphs are incorporated herein by reference.

79. It is an unlawful, discriminatory practice for an employer in Tennessee to "retaliate or discriminate in any manner against a person because such person has opposed a practice declared discriminatory by" the Tennessee Human Rights Act. TENN. CODE ANN. § 4-21-301(a)(1).

80. Enterprise terminated Mr. Wright's employment. But for Mr. Wright's reports and complaints regarding age and disability discrimination, Enterprise would not have terminated Mr. Wright's employment.

81. Enterprise's purported reason for terminating Mr. Wright's employment was manufactured and a pretext for unlawful discrimination.

82. Multiple other employees had used the company's fuel card to put gas in their personal vehicle for purposes of obtaining reimbursement but Enterprise did not terminate those employees for that reason.

83. Mr. Wright is entitled to all of the remedies and relief set forth in the Tennessee Human Rights Act, TENN. CODE ANN. § 4-21-101, *et seq.*, including, without limitation, actual damages, special and general damages, punitive and exemplary damages, and attorneys' fees.

## X. Sixth Cause of Action

### Retaliatory Discharge – Tennessee Public Protection Act – TENN. CODE ANN. § 50-1-304

### (Pled in the Alternative)

84. The allegations set forth in the foregoing paragraphs are incorporated herein by reference.

12

85. Tennessee law prohibits an employer from discharging an employee based on the employee's refusal to remain silent about illegal activities. TENN. CODE ANN. § 50-1-304(b).

86. Tennessee wage law requires that employers must provide "each employee [with] a thirty-minute unpaid meal break if scheduled to work six (6) hours consecutively." TENN. CODE ANN. § 50-2-103(h).

87. An employer's failure to provide meal breaks required by TENN. CODE ANN. § 50-2-103(h) is a violation of the civil code of Tennessee and "is a Class B misdemeanor, punishable by a fine of not less than one hundred dollars ($100) nor more than five hundred dollars ($500). Further, every employer, partnership or corporation willfully violating this section is subject to a civil penalty of not less than five hundred dollars ($500) nor more than one thousand dollars ($1,000) at the discretion of the commissioner or the commissioner's designated representative." TENN. CODE ANN. § 50-2-103(i).

88. On multiple occasions during his employment, including a few days before his termination, Mr. Wright reported to Enterprise's management or human resources that he was denied meal breaks required by state law.

89. Within a matter of days of reporting that Branch Manager Jacob Ashe was denying him meal breaks required by state law, Enterprise managers concocted pretextual reasons to terminate Mr. Wright's employment.

90. On or about December 17, 2019, Branch Manager Jacob Ashe gave Mr. Wright the branch's gas card and told him to use it to put gas in his personal vehicle.

91. About one hour later, Enterprise managers used Mr. Wright's use of the company's gas card to put gas in his personal vehicle as a pretext for terminating his employment.

13

92. Additionally and alternatively, Mr. Wright's refusal to remain silent regarding Enterprise's unlawfully denying meal breaks required by state law was the sole reason Enterprise terminated Mr. Wright's employment.

93. Enterprise's termination of Mr. Wright's employment with Enterprise because of his refusal to remain silent regarding illegal activity, violated TENN. CODE ANN. § 50-1-304.

94. As a result of Enterprise's unlawful and discriminatory termination of Mr. Wright's employment, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, lost wages, emotional distress, and other damages for which Enterprise is liable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff prays for the following relief:

1. That process issue and be served upon Defendant;

2. That Plaintiff recover all damages permitted by law, including but not limited to loss of earnings (front pay and back pay), loss of benefits, out of pocket expenses, mental and emotional distress, embarrassment, humiliation, damage to reputation, inconvenience, actual damages, compensatory damages, attorneys' fees, prejudgment interest, postjudgment interest, costs and expenses, and all other damages permitted by law.

3. That Plaintiff be awarded damages incurred, or to be incurred, in an amount to be determined by the jury.

4. That Plaintiff be awarded punitive damages in an amount to be determined by the jury because Enterprise's conduct was done intentionally and/or with malice and/or reckless indifference to his rights protected by law, which justifies an award of punitive damages.

14

5. That, pursuant to TENN. CODE ANN. §§ 4-21-311 and/or 50-1-304, Plaintiff be awarded his reasonable costs of litigation, including attorneys' fees incurred in bringing this action; and

6. That the Court enter judgment for the Plaintiff and against the Defendant.

7. That Plaintiff be awarded such other relief as is just and proper under the circumstances.

Respectfully Submitted,

TIM WRIGHT

By: /s/ Joseph B. Harvey
Joseph B. Harvey (BPR #028891)
HUNTER, SMITH & DAVIS, LLP
1212 N. Eastman Road
Kingsport, TN 37664
Ph: 423-378-8800
Fx: 423-378-8801
Email: jharvey@hsdlaw.com

*Attorneys for Plaintiff*

## COST BOND

We hereby acknowledge ourselves as surety for all costs in this cause, pursuant to *T.C.A.* § 20-12-120.

HUNTER, SMITH & DAVIS, LLP

By: /s/ Joseph B. Harvey
Joseph B. Harvey